UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAZARO PONCE,<br><br>                    Plaintiff,<br><br>      -against-<br><br>THE DEPARTMENT OF JUSTICE; NATE BROOKSBY, Sheriff of Washington County, Utah; THE DEPUTIES AND STAFF, under everyday operations of this correctional,<br><br>                    Defendants. | 23-CV-9154 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Purgatory Correctional Facility ("Purgatory") in Washington County, Utah, brings this *pro se* action under 42 U.S.C. § 1983, asserting claims that allegedly arose at Purgatory. Named as Defendants are the Department of Justice, Sheriff Nate Brooksby of Washington County, Utah, and correctional staff at Purgatory. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Utah.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights in Washington County, Utah. He does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to his claims occurred at Purgatory. Because Defendants are employed in Washington County and the alleged events occurred in Washington County, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Washington County, Utah, which is in the District of Utah. Accordingly, venue lies in the District of Utah, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Utah, 28 U.S.C. § 1406(a).[1]

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Utah. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

---

[1] Plaintiff filed a similar action in the District of Utah, naming as a defendant Sheriff Brooksby, who is named as a defendant in this action. *See Ponce v. Brooksby*, No. 23-CV-0080 (D. Utah, complaint filed Sept. 27, 2023).

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 13, 2023
New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge